IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00241-RBJ-MJW

DENNIS GARCIA,

Plaintiff,

v.

ARONOWITZ & MECKLENBURG, LLP,

Defendant.

## RECOMMENDATION ON
## MOTION FOR TEMPORARY RESTRAINING ORDER
## (Docket No. 3)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 2) issued by Judge R. Brooke Jackson on January 30, 2013.  This matter comes before the court on plaintiff's Motion for Temporary Restraining Order (Docket No. 3).

Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers).  However, a "plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

Local Rule 65.1 states that a motion for a temporary restraining order ("TRO")

shall be accompanied by a certificate of counsel or pro se party stating that "actual notice" of the motion was provided to the opposing party or stating the "efforts made by the moving party to give such notice." D.C.COLO.LCivR 65.1A. Plaintiff has not included a certificate indicating that actual notice has been given. Instead, plaintiff claims that the court should grant a TRO on an ex parte basis.

The Local Rules state that courts may not consider an ex parte motion for a TRO except in accordance with Rule 65(b) of the Federal Rules of Civil Procedure. Id. at 65.1A.2. Rule 65(b) provides in part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1)(A). Plaintiff asserts that the court should enter a TRO without notice because:

> plaintiff will suffer immediate and irreparable injury, loss, or damage if the order if not granted before defendant can be heard as defendants [sic] sale of the property is scheduled to occur on _____.

Docket No. 3, at 15. As quoted above, plaintiff does not indicate when the property sale is scheduled above.

The motion does not specifically alleged irreparable injuries "will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). No specific facts are provided as required by Rule 65(b). Plaintiff does not

3

suggest that harm would result from providing notice to opposing counsel itself.  Plaintiff does not substantiate the imminence of the alleged harm. Plaintiff does not provide a date for the alleged sale of the subject property.  Plaintiff does not indicate whether a writ of restitution has been issued, whether a date as been set on which plaintiff must leave the subject property, and, if so, whether that date is imminent.  Plaintiff makes conclusory statements as to imminence, but provides no specific supporting facts.  Thus, plaintiff failed to comply with the notice provision of Local Rule 65.1A and failed to clearly show pursuant to Federal Rule of Civil Procedure 65(b) that immediate and irreparable injury will result before the adverse party can be heard.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Motion for Temporary Restraining Order (Docket No. 3) be **DENIED.**

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

4

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  February 7, 2013           s/ Michael J. Watanabe
       Denver, Colorado           Michael J. Watanabe
                                        United States Magistrate Judge