IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00241-RBJ-MJW

DENNIS GARCIA,

Plaintiff,

v.

ARONOWITZ & MECKLENBURG, LLP,

Defendant.

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Docket No. 22)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 5) issued by Judge R. Brooke Jackson on January 31, 2013.

This matter involves a state foreclosure action.  Plaintiff's Complaint (Docket No. 1) lists two causes of action: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq ("FDCPA"); and (2) negligence.  In addition, although not separately labeled as causes of action, plaintiff also makes allegations regarding: (1) defendant's lack of agency standing, and lack of actual and apparent authority; (2) Taylor Bean & Whitaker Mortgage Corp.'s ("TBW") lack of standing; and (3) intentional or reckless infliction of emotional distress.  Plaintiff seeks an order declaring the foreclosure null and void, quiet title, and money damages.

**PENDING MOTION**

Now before the court for a report and recommendation is defendant Aronowitz &

Mecklenburg, LLP's Motion to Dismiss (Docket No. 22).  The court has carefully considered the complaint (Docket No. 1), the motion to dismiss (Docket No. 22), plaintiff's response (Docket No. 31), and defendant's reply (Docket No. 32).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.

3

12(b)(1) are described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**Rooker-Feldman**

Defendant argues that this court lacks subject matter jurisdiction over plaintiff's claims. Specifically, defendant argues that the Rooker-Feldman doctrine bars plaintiff's attempt to render this court a de facto appellate court for the airing of grievances related to Colorado Public Trustee Foreclosures. Plaintiff did not provide a meaningful response to defendant's Rooker-Feldman argument.

Because defendant's Rooker-Feldman argument presents a factual challenge to

5

this court's subject matter jurisdiction, the court need not presume the truthfulness of the factual allegations in plaintiff's Complaint. Rather, the court has wide discretion to allow affidavits and other documents to resolve any jurisdictional facts. Holt, 46 F.3d at 1003.

Under 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). The Rooker-Feldman doctrine stems from two United States Supreme Court cases which interpret this limitation on the review of state court judgments. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The Rooker-Feldman doctrine precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Tal v. Hogan, 453 F.3d 1244, 1255-56 (10th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Accordingly, the doctrine forecloses on "appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). The doctrine "applies only to suits filed after state proceedings are final." Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). Challenges brought pursuant to the Rooker-Feldman doctrine are challenges to a federal district court's subject matter jurisdiction. Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1147 (10th Cir. 2004).

The Rooker-Feldman doctrine is not limited to the preclusion of claims actually

litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the state court judgment. Tal, 453 F.3d at 1256. "A claim is inextricably intertwined if 'the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*.'" Id. *(*quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)). "[I]f a favorable resolution of a claim would upset a [state court] judgment, the claim is [barred under the Rooker-Feldman doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying judgment issue was not raised or addressed in the state court that handed down the judgment." Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1140 (10th Cir. 2006). However, if the plaintiff presents an *independent* claim, even if it denies a legal conclusion that a state court has reached, the federal district court has jurisdiction. Id. at 1143 (citing Exxon, 544 U.S. at 1527).

Defendant has provided documents to support the following facts. On May 31, 2001, plaintiff became the owner of the property commonly know as 15400 Harvest Road, Brighton, Colorado 80603 (the "Property") by virtue of a deed from the Robert L. Bergman Trust. Docket No. 22-1. On June 29, 2007, plaintiff executed a promissory note in the amount of $545,000.00 for the benefit of TBW. Docket No. 22-2. On June 29, 2013, plaintiff executed a deed of trust to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for TBW and TBW's successors and/or assigns, securing the Note by encumbering the Property. Docket No. 22-3. On February 13, 2011, Mortgage Electronic Registration Systems, Inc. assigned any and all interests in the Deed of Trust to TBW. Docket No. 22-4.

On June 8, 2011, TBW, through defendant as counsel, initiated foreclosure by

filing a Notice of Election and Demand for Sale with the Adams County Public Trustee. Docket No. 22-5. On November 8, 2011, TBW filed its Verified Rule 120 Motion for Order Authorizing Sale in Adams County District Court Case No. 2011cv8945. On December 1, 2011, plaintiff filed a Motion to Dismiss in the Rule 120 action. Docket No. 22-6. Plaintiff's motion included claims of fraud, violations of the FDCPA, and infliction of severe emotional distress. Plaintiff also demanded proof that TBW was the holder of the Note and Deed of Trust and had standing to proceed. Plaintiff's motion was denied on December 8, 2011. Docket No. 22-7. On February 15, 2012, a Rule 120 hearing was held. The Adams County District Court issued an order authorizing sale that same day. Docket No. 22-8.

Plaintiff appealed the Order Authorizing Sale to the Colorado Court of Appeals, under Case No. 2012ca382. Plaintiff's appeal was dismissed on February 11, 2013 for failure to prosecute. Docket No. 22-9.

On December 12, 2012, the Property went to foreclosure sale. TBW was the successful bidder for the Property. A confirmation deed was issued to TBW by the Adams County Public Trustee and recorded on December 28, 2012. Docket No. 22-10. On December 27, 2012, the court issued an order approving sale. Docket No. 22-11.

On January 21, 2013, TBW initiated its forcible entry and unlawful detainer action with the Adams County Court Case No. 2013cv31428 ("FED"). On January 28, 2013, plaintiff filed an answer in the FED action, requesting proof of agency between defendant and TBW and proof of standing of TBW. Docket No. 22-12. Plaintiff then filed an Amended Answer along with a motion to set aside the foreclosure sale. Docket No. 22-13. On February 6, 2013, a hearing was held in the FED action. The court

8

granted judgment for possession on the record. On February 12, 2013, a writ of restitution was filed with the court in the FED action and was subsequently issued. Docket No. 22-14. The lockout of the Property was completed on March 8, 2013.

The Tenth Circuit Court of Appeals has recognized that a state foreclosure action is final and subject to application of the Rooker–Feldman doctrine where the state court had entered an order approving the sale of the property to the bank; the Public Trustee had issued a deed to the bank; the state court had entered an order in an eviction action for judgement for possession of the property in favor of the bank; and the plaintiff was not seeking to enjoin foreclosure of the property, but was instead attempting to completely undo the foreclosure. See Dillard v. Bank of New York, 2012 WL 1094833, at *2, n. 3 (10th Cir. April 3, 2012); see also Moore v. One West/Indy Mac Bank, No. 10-cv-01455-REB-CBS, 2010 WL 3398855, at *5 (D. Colo. Jul. 12, 2010) (finding the Rooker-Feldman doctrine is "applicable both to claims at issue in a state court order authorizing foreclosure sale and to claims that are 'inextricably intertwined' with such an order").

The court finds that plaintiff's claims as to: (1) defendant's lack of agency standing, and lack of actual and apparent authority; (2) TBW's lack of standing; and (3) quiet title, are barred under the Rooker-Feldman doctrine. These claims were plainly at issue before the state court, or are inextricably intertwined with those claims, i.e, those claims are premised on the legality of the state foreclosure proceedings. The foreclosure action is final by virtue of the dismissal of plaintiff's appeal by the Colorado Court of Appeals. Furthermore, plaintiff is seeking to undo a foreclosure, not enjoin a pending foreclosure. In addition, the court notes that plaintiff provides no argument as

to why the Rooker-Feldman doctrine is not applicable. Accordingly, the court finds that it lacks subject matter jurisdiction over those claims.

**FDCPA Claim**

Not all courts have agreed "on whether and when foreclosure activities are covered" by the FDCPA. Yokomizo v. Deutsche Bank Securities, Inc., No. 11-cv-01630-CMA-KLM, 2011 WL 5024899, at *4 (D. Colo. Oct. 21, 2011); Rousseau v. Bank of New York, No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at *7 (D. Colo. Sept. 29, 2009). "The basic dispute is whether mortgage foreclosures constitute mere enforcement of a security interest by the lender, in which case they would appear to fall outside the scope of the [FDCPA], or whether foreclosures are an attempt to collect the underlying monetary debt, in which case they would fall within the scope of the [FDCPA]." Rousseau, at * 7. "The vast majority of courts to address the issue, however, have determined that such actions fall outside the scope of the FDCPA." Yokomizo, at * 4 (citing Mayhew v. Cherry Creek Mortg. Co., Inc., No 09-cv-00219-PAB-CBS, 2010 WL 935674, at *12 (D. Colo. Mar. 10, 2010) (collecting cases); Kee v. R-G Crown Bank, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (collecting cases)); Schwitzer v. Wells Fargo Bank, N.A., No. 12-cv-01367-RBJ-MJW, 2013 WL 607832, at *5 (D. Colo. Feb. 19, 2013); Wessler v. Colonial Nat'l Mortg., No. 11-cv-02683-RBJ-KMT, 2012 WL 5949730, at *16 (D. Colo. Aug. 21, 2012) (adopted recommendation).

Like the court in Rousseau, this court finds no reason to deviate from the majority view in this District that the FDCPA is not applicable to foreclosure activities. Accordingly, because plaintiff's FDCPA claim challenges activities related to the foreclosure of the Property, the court finds that plaintiff's FDCPA claim should be

dismissed for failure to state a claim.

## State Claims

28 U.S.C. § 1367(a) grants supplemental or pendent jurisdiction to federal district courts over a plaintiff's state law claims which arise out of the same transaction or occurrence as the federal claims. However, a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998).

Plaintiff's claims for negligence and intentional/reckless infliction of emotion distress are firmly grounded in state law. Because the court recommends that plaintiff's federal claim be dismissed, the court also recommends that plaintiff's remaining state claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant Aronowitz & Mecklenburg, LLP's Motion to Dismiss (Docket No. 22) be **GRANTED** and plaintiff's complaint be dismissed in its entirety as outlined above.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

11

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  July 3, 2013            s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
                               United States Magistrate Judge